AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Eastern District of Pennsylvania

| | |
|---|---|
| United States of America<br>v.<br>JEREL JACKSON, a/k/a "JINX"<br><br>Defendant(s) | )<br>)<br>)  Case No. 13-1159-M<br>)<br>)<br>)<br>) |

FILED
OCT 11 2013
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of  May 1, 2013 to Sept. 15, 2013  in the county of  Philadelphia  in the Eastern District of  Pennsylvania , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 1591 | Defendant knowingly, in or affecting interstate commerce, recruited, enticed, harbored, transported, provided, obtained, or maintained, by any means a person, or benefitted financially or by receiving anything of value from participation in such a venture, knowing, or in reckless disregard fo the fact, that force, threats of force, fraud, or coercion would be used to cause a person to engage in a commercial sex act, or that the person had not attained the age of 18 years and would be caused to engage in a commercial sex act. |

This criminal complaint is based on these facts:
See Attached Affidavit

☑ Continued on the attached sheet.

_____
Complainant's signature

Special Agent Jennifer Batish, FBI
Printed name and title

Sworn to before me and signed in my presence.

Date: Oct. 11, 2013

_____
Judge's signature

City and state:  Philadelphia, PA

Honorable Lynne A. Sitarski
Printed name and title

## AFFIDAVIT IN SUPPORT OF ARREST WARRANT

I, Jennifer D. Batish, a Special Agent with the Federal Bureau of Investigation, Philadelphia, Pennsylvania, being duly sworn, depose and state as follows:

### A. BACKGROUND

1. I am employed as a Special Agent of the Federal Bureau of Investigation (FBI) in Philadelphia, Pennsylvania. I have been employed as a Special Agent since December 2008. I am presently assigned to the Philadelphia Division's Crimes Against Children squad, which investigates sex trafficking of children and prostitution investigations, child pornography, and kidnappings, among other violations of federal law. I have gained experience through training at the FBI Academy, and everyday work related to conducting these types of investigations.

2. As a federal agent, I am authorized to investigate violations of laws of the United States and to execute warrants issued under the authority of the United States.

3. This affidavit is submitted in support of an arrest warrant for JEREL JACKSON, for the Sex Trafficking of Children or by Force in violation of Title 18, United States Code, Section 1591. The following affidavit is based in part on information received personally during my investigation of this matter, as well as information obtained by other law enforcement personnel. Since this affidavit is being submitted for the limited purpose of securing an arrest warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to arrest JEREL JACKSON.

### B. RELEVANT STATUTES

4. Title 18, United States Code, Section 1591, prohibits a person from knowingly recruiting, enticing, harboring, transporting, providing, obtaining, or maintaining by any means a person; or knowingly benefitting financially or otherwise, from participating

in such a venture; knowing that force, threats of force, fraud or coercion will be used to cause the person to engage in a commercial sex act, or that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act.

## C. FACTS ESTABLISHING PROBABLE CAUSE

5. Confidential Witness #1 ("CW1"), an adult, was interviewed by the affiant on July 17, 2013, and stated that JEREL JACKSON, date of birth 11/xx/1985, also known as ("a/k/a") "JINX," asked CW1 on a date in approximately May 2012. After approximately two weeks of dating, JACKSON told CW1 that he was a pimp and told CW1, "You my bitch, you gonna have to work for me." JACKSON posted advertisements for CW1 on the website www.backpage.com and CW1 began prostituting for JACKSON. CW1 was expected to give all CW1's money earned from prostitution to JACKSON. JACKSON was violent with CW1 on many occasions, including slapping her in the face and pulling her hair. CW1 witnessed JACKSON carry a gun with him, and JACKSON threatened CW1 when CW1 attempted to leave JACKSON. CW1 worked for JACKSON at various locations in Philadelphia, including the Roosevelt Inn and the Days Inn on Roosevelt Boulevard.

6. CW1 also witnessed Confidential Witness #2 ("CW2"), a minor, perform sex acts for money. CW2 would give all CW2's money to JACKSON and he physically beat CW2 in CW1's presence. According to CW1, JACKSON tasked CW2 with posting prostitution advertisements on www.backpage.com for the girls working for JACKSON from a cell phone in CW2's possession.

7. CW2, a minor, was interviewed on July 17, 2013 and August 14, 2013. CW2 stated that in April 2013, JACKSON drove CW2 and other females to Dover, Delaware to work as prostitutes for several days until they were encountered by the Dover Police Department. On July 18, 2013, Detective Jordan Miller from the Dover Police Department was interviewed and corroborated this information. Detective Miller stated that he encountered JACKSON and

identified four females at the Sleep Inn and Suites, located at 1784 N. Dupont Highway, Dover, Delaware on April 29, 2013 in rooms 203 and 204. Detective Miller interviewed JACKSON, who stated that he provides "protection" for the women and that he drove the girls to the hotel in Dover. Your affiant obtained hotel records from the Sleep Inn and Suites reflecting that JEREL JACKSON had room 204 registered in his name from April 27, 2013 to April 30, 2013. Room 203 was registered in the name of one of the other four females present at the hotel.

8. On August 19, 2013, your affiant interviewed Confidential Witness #3 ("CW3"), an adult. CW3 knew JACKSON for approximately a year, and met JACKSON through other girls that worked for him. On April 26, 2013, JACKSON drove CW3 to the Sleep Inn and Suites, 1784 N. Dupont Highway, Dover, DE. JACKSON took CW3's cellular phone and told CW3 that CW3 was going to have to work for him. JACKSON set the prices at approximately $180 for a half hour and $200 for an hour. JACKSON posted CW3's photos on www.backpage.com using photos that were on CW3's phone. CW3 was only allowed to answer the phone if a date was calling. JACKSON collected the money after every date, was violent with CW3, including choking her, and strip-searched CW3 on multiple occasions to ensure CW3 was not keeping any money from the sex acts.

9. On July 17, 2013, members of the FBI Child Exploitation Task Force received consent from CW2 to search CW2's cell phone. A review of the photos on the phone revealed photos of CW1, CW2, and CW3 and other girls posing nude or in lingerie. On or about July 17, 2013, your affiant reviewed the website www.backpage.com, and recognized the same photos that were on CW2's phone posted on prostitution advertisements for CW1 and CW2. Your affiant also viewed photos and videos of JACKSON on the cell phone, including two videos dated February 14, 2013 of JACKSON holding cash and stating, "Just taking a picture of my fucking pocket change, tryin' to show off." JACKSON continued to film three other girls dressed in lingerie in the hotel room with him. There were also photos on the phone of prepaid

VISA gift cards, which based on your affiant's experience, are often used to anonymously post www.backpage.com advertisements.

10. A Federal Grand Jury Subpoena returned on September 4, 2013, from Cricket Communications provided the subscriber information of the aforementioned cellular phone in the possession of CW2 as JORDAN, MR MIKE, 4208 Darien Street, Philadelphia, PA 19140. A search of Clear Database, a publicly-available database, indicates that the same cell phone number is linked to a cell phone utility service for JEREL JACKSON.

11. On August 28, 2013, in compliance with a Federal Grand Jury Subpoena, Backpage provided numerous advertisements and supporting invoices related to the phone number associated with the cell phone in CW2's possession, and other telephone numbers suspected to be used by JACKSON in furtherance of his prostitution organization. The advertisements include photos of girls posing in lingerie or nude. They also include photos of CW1, CW2, and CW3. In addition, many of the ads are posted by a subscriber using the address of 4208 Darien Street, Philadelphia, PA, which is JACKSON's address. An advertisement on November 12, 2012 was posted by a subscriber using the name JEREL JACKSON, and on December 28, 2012, an ad was posted by a subscriber using the name JINX JACKSON. Backpage also provided IP address information linked to these advertisements that are posted on their website. Multiple IP addresses resolve to the Roosevelt Inn, 7600 Roosevelt Blvd, Philadelphia PA 19152, where CW1 stated that she engaged in prostitution for JACKSON.

## G. CONCLUSION

12. Based upon the information above, I respectfully submit that there is probable cause to believe that violations of Title 18 U.S.C. § 1591, sex trafficking of a minor or by force, have been committed by JEREL JACKSON.

13. I assert that public disclosure of the existence of this arrest warrant affidavit and all accompanying materials at this juncture could jeopardize the government's ongoing investigation in this case, and therefore, I request this affidavit and all accompanying material be sealed until further order of this Court.

_JD Batish_
Jennifer D. Batish
Special Agent
Federal Bureau of Investigation

Sworn to and subscribed before me
this 11th day of October, 2013:

_Lynne A. Sitarski_
HONORABLE LYNNE A. SITARSKI
UNITED STATES MAGISTRATE JUDGE