IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | **CRIMINAL NO. 13-622** |
| **JEREL JACKSON** | : | |

**O R D E R**

AND NOW, this _____ day of _____, 2015, having considered the government's motion to admit evidence of defendant's prior convictions under Federal Rule of Evidence 609 and the defendant's response thereto, it is hereby ORDERED that the government's motion is GRANTED.

BY THE COURT:

_____
**HONORABLE C. DARNELL JONES II**
*Judge, United States District Court*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 13-622 |
| JEREL JACKSON | : | |

**GOVERNMENT'S MOTION TO ADMIT DEFENDANT'S PRIOR CONVICTIONS PURSUANT TO FEDERAL RULE OF EVIDENCE 609**

The United States of America, by its attorneys, Zane David Memeger, United States Attorney for the Eastern District of Pennsylvania, and Michelle Morgan, Assistant United States Attorney, hereby moves for the admission of defendant's prior convictions pursuant to Federal Rule of Evidence 609. For the reasons set forth below, the government's motion should be granted.

Rule 609(a)(1)(B) provides that evidence that the defendant has been convicted of a crime punishable by more than one year "must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant." Further, Rule 609(a)(2) mandates the admission of convictions for crimes that include an element of proof of "a dishonest act or false statement." Fed. R. Evid. 609(a)(2). "[P]ermissible questioning typically is limited to the number of convictions, and the nature, time, and date of each. United States v. Faulk, 53 Fed.Appx. 644, 2002 WL 31667657 (3d Cir. 2002) (not precedential) (citing McCormick on Evidence, § 42 at 167 (5th ed., 1999)). The trial court can reserve making its final ruling on this issue until after the defendant testifies. See Ohler v. United States, 529 U.S. 753, 758 n.3; Luce v. United States, 469 U.S. 38, 41- 42 (1984).

As the Third Circuit has explained, "Rule 609 is premised on 'the common sense

proposition that one who has transgressed society's norms by committing a felony is less likely than most to be deterred from lying under oath.' ... Rule 609 evidence is admitted in order to inform the jury about the character of the witnesses whose testimony the jury is asked to believe." Walden v. Georgia Pacific Corp., 126 F.3d 506, 523 (3d Cir. 1997) (citations omitted); see also United States v. Lipscomb, 702 F.2d 1049, 1061 (D.C. Cir. 1983) ("[A]ll felony [convictions] have some probative value on the issue of credibility").

Indeed, juries routinely are instructed that a prior felony is appropriately considered when assessing a witness' credibility, see Devitt and Blackmar § 15.08, on the assumption that felony convictions are relevant.   In this case, defendant's felony convictions are relevant to the jury's assessment of his credibility, if he takes the stand in his own defense, and therefore should be admissible for impeachment purposes.

The Third Circuit has set forth four basic factors to be considered in balancing the probative value and prejudicial effect when applying Rule 609(a)(1): "(1) the kind of crime involved; (2) when the conviction occurred; (3) the importance of the witness' testimony to the case; [and] (4) the importance of the credibility of the defendant."   Government of the Virgin Islands v. Bedford, 671 F.2d 758, 761, n.4 (3d Cir.1982); see also United States v. Mahone, 537 F.2d 922, 929 (7th Cir. 1975) (citing 3 J. Weinstein, Evidence ¶ 609 [03] at 609-78 to 609-75). Thus, even evidence that may have been inadmissible under Rule 404(b) is nevertheless admissible under Rule 609 because a testifying defendant's credibility is the central issue.   See United States v. Haslie, 160 F.3d 649 (10th Cir. 1998); United States v. Valencia, 61 F.3d 616 (8th Cir. 1996); United States v. Smith, 49 F.3d 475 (8th Cir. 1995).   Here, these factors support admission of defendant's prior felony convictions, should he testify.

1. <u>The Kind of Crime Involved</u>

The defendant's criminal record includes, among others, a 2006 conviction for theft by unlawful taking for which he was sentenced to 4-23 months in jail, and a 2007 conviction for carrying a firearm without a license for which he was sentenced to 2-4 years in jail.

Of these offenses, the theft qualifies as a crime involving a dishonest act or false statement and the gun conviction qualifies as a prior felony conviction within the last ten years.

Prior felony convictions of a similar nature are often used for the limited purposes of impeaching credibility. <u>See</u> <u>United States v. Jones</u>, 332 Fed. Appx. 767 (3d Cir. 2009) (unpublished) (two prior drug convictions relevant for impeachment and to show intent in drug prosecution); <u>United States v. Johnson</u>, 302 F.3d 139, 152 (3d Cir. 2002) (prior felony of unelicited nature relevant to impeach credibility); <u>see also</u> <u>United States v. Davis</u>, 235 F.R.D. 292 (W.D. Pa. 2006) (evidence of defendant's prior drug convictions would be excluded unless defendant testified on direct that he was without knowledge of drug trade or had never been arrested or convicted of drug offense). Given that the instant offense involved force, threats, and coercion, and that several witnesses are expected to testify that the defendant frequently was in possession of a gun while directing them to engage in acts of prostitution, defendant's prior firearm conviction is particularly relevant. It also speaks to defendant's involvement in prior violent offenses.

2. <u>When the Conviction Occurred</u>.

Defendant's prior convictions that the government seeks to admit all occurred within the last ten years. Therefore, they are certainly not so remote in time as to create unfair prejudice to him.

3

    3. <u>The Importance of the Witness' Testimony to the Case.</u>

Defendant's testimony, if given, will be critical to the case. His account of the purported "facts," denials of participation in any criminal activity or wrongdoing, and any exculpatory explanations for the events at issue are obviously of great significance. As this Court has stated, "A defendant who testifies is invariably the centerpiece of any criminal defense, and the defendant's credibility is always at issue." <u>United States v. Rosato</u>, 1999 WL 58577, *2 (E.D. Pa. 1999). In particular, his prior offense involving dishonest acts or false statements directly calls into question his credibility.

    4. <u>The Importance of the Credibility of the Defendant</u>.

Finally, defendant's credibility is of utmost importance. When a defendant testifies, he places his credibility "directly at issue," <u>see</u> <u>United States v. Beros</u>, 833 F.2d 455, 463-64 (3d Cir. 1987), and his prior conviction then bears on his credibility. <u>See</u> <u>United States v. Alexander</u>, 48 F.3d 1477, 1489 (9th Cir. 1995).

Under these circumstances, it is not fair to allow the defendant, if he chooses to testify, to hide from the jury his prior convictions which cast doubt on his version of the facts. <u>See</u> <u>Oakes</u>, 565 F.2d at 173 (impeachment appropriate where there was a "sharp, irreconcilable conflict" between the testimony of the government's witnesses and that of the defendant, so that credibility was crucial). As the Ninth Circuit recognized in <u>United States v. Browne</u>, 829 F.2d 760, 763 (9th Cir. 1987), the government should not be forced to "sit silently by, looking at criminal record which, if made known, would give the jury a more comprehensive view of the trustworthiness of the defendant as a witness." The jury is entitled to know about these prior convictions to assess the defendant's credibility, should he choose to testify.

Any prejudice that results from admitting this highly probative evidence can be addressed by the Court in the form of a limiting instruction, which is set forth in the government's proposed jury instructions. The Third Circuit has held that a limiting instruction will eliminate any potential for unfair prejudice and ensure that the jury does not consider the evidence for an improper purpose. See, e.g., United States v. Sriyuth, 98 F.3d 739, 748 (3d Cir. 1996), cert. denied, 519 U.S. 1141 (1997); United States v. Sampson, 980 F.2d 883, 886 (3d Cir. 1992). As the Third Circuit has observed, "[w]e note . . . that it is a basic tenet of our jurisprudence that a jury is presumed to have followed the instructions the court gave it, see United States v. Gilsenan, 949 F.2d 90, 96 (3d Cir. 1991), and the court's [limiting] instructions did not allow the use of the evidence [to establish the defendant's criminal propensity]. If we preclude the use of evidence admissible under Rule 404(b) because of a concern that jurors will not be able to follow the court's instructions regarding its use we will inevitably severely limit the scope of evidence permitted by that important rule." United States v. Givan, 320 F.3d 452, 462 (3d Cir. 2003).

WHEREFORE, the Government respectfully requests this Court to issue the order as attached to this motion granting its motion to admit defendant's prior convictions.

    Respectfully submitted,

    ZANE DAVID MEMEGER
    United States Attorney


    /s/ Michelle L. Morgan
    MICHELLE L. MORGAN
    Assistant United States Attorney

5

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this date I caused a true and correct copy of the foregoing to be served by electronic filing upon the following:

Thomas F. Burke, Esq.
Borum Burke & Didonato LLC
Two Penn Center Plaza
1500 JFK Boulevard, Suite 900
Philadelphia, PA   19102

                                      /s/ Michelle L. Morgan
                                      MICHELLE L. MORGAN
                                      Assistant United States Attorney

Dated: February 4, 2015