# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA**         :

                         v.          :         **CRIMINAL NO. 13-622**

**JEREL JACKSON**                    :

## <u>ORDER</u>

AND NOW, this _____ day of February, 2015, having considered the government's motion *in limine* to preclude reference to victim's other sexual behavior pursuant to Federal Rule of Evidence 412, and the defendants' response thereto, IT IS HEREBY ORDERED that the government's motion is GRANTED.

**By the Court:**

_____
**HONORABLE C. DARNELL JONES, II**
**United States District Judge**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 13-622 |
| JEREL JACKSON | : | |

**GOVERNMENT'S MOTION *IN LIMINE* TO PRECLUDE REFERENCE
TO VICTIMS' OTHER SEXUAL BEHAVIOR PURSUANT TO
FEDERAL RULE OF EVIDENCE 412**

The United States of America, by and through Zane David Memeger, United States

Attorney for the Eastern District of Pennsylvania, and Michelle L. Morgan, Assistant U.S.

Attorney for the District, hereby moves to preclude reference to victims' other sexual behavior

pursuant to Federal Rule of Evidence 412, for the reasons set forth below.

## I.       BACKGROUND

Defendant is charged with sex trafficking of four different persons in the indictment, in

violation of 18 U.S.C. § 1591.

## II.       ARGUMENT

Rule 412 of the Federal Rules of Evidence states that in cases involving allegations of

sexual misconduct, "[e]vidence offered to prove that any alleged victim engaged in other sexual

behavior" and "evidence offered to prove any alleged victim's sexual predisposition" are not

admissible.   Fed. R. Evid. 412(a).   "Sexual behavior" includes "all activities that involve actual

physical conduct, i.e., sexual intercourse and sexual contact," or that imply sexual intercourse or

sexual contact, such as use of contraceptives, birth of an illegitimate child, or diagnosis of venereal

disease."   Fed. R. Evid. 412, Advisory Committee Notes, Subdivision (a) (1994).   The reference

to "sexual predisposition" is "designed to exclude evidence that . . . the proponent believes may have a sexual connotation for the fact finder," such as "the alleged victim's mode of dress, speech, or lifestyle." Id.

According to the Advisory Committee Notes accompanying this section:

> The rule aims to safeguard the alleged victim against the invasion of privacy, potential embarrassment and sexual stereotyping that is associated with public disclosure of intimate sexual details and the infusion of sexual innuendo into the fact-finding process. By affording victims protection in most instances, the rule also encourages victims of sexual misconduct to institute and to participate in legal proceedings against alleged offenders.

Fed. R. Evid. 412, Advisory Committee Notes (1994). The Rule attempts to accomplish these objectives by "barring evidence relating to the alleged victim's sexual behavior or alleged sexual predisposition, whether offered as substantive evidence or for impeachment, except in designated circumstances in which the probative value of the evidence significantly outweighs possible harm to the victim." Id.

There are only three exceptions to this rule in criminal cases:

> (A) evidence of specific instances of sexual behavior by the alleged victim offered to prove that a person other than the accused was the source of semen, injury or other physical evidence;
>
> (B) evidence of specific instances of sexual behavior by the alleged victim with respect to the person accused to prove consent or by the prosecution; and
>
> (C) evidence the exclusion of which would violate the constitutional rights of the defendant.

Fed. R. Evid. 412(b). Prior to admitting such evidence under one of these exceptions, "the court must conduct a hearing in camera and afford the victim and parties a right to attend and be heard." Fed. R. Evid. 412(c)(2). In addition, any "motion, related papers, and the record of the hearing

2

must be sealed and remain under seal unless the court orders otherwise."  Id.  Further, the

defendant must provide written notice, in the form of a motion, of his intent to use such evidence at

least 14 days prior to trial.   Fed. R. Evid. 412(c)(1).   Failure to comply with this procedural

requirement can result in the exclusion of such evidence.   See United States v. Ramone, 218 F.3d

1229 (10th Cir. 2000) (defendant's failure to comply with notice requirements of rape shield rule

warranted exclusion of evidence about his entire sexual relationship with victim); United States v.

Eagle, 137 F.3d 1011, 1014-15 (8th Cir. 1998) (such evidence properly excluded where defendant

failed to file notice under Rule 412).

   "[I]mpeaching the victim's truthfulness and showing her capability to fabricate a story

'are not recognized exceptions to Rule 412.'"   See United States v. Withorn, 204 F.3d 790, 795

(8th Cir. 2000); see also United States v. Richards, 118 F.3d 622 (8th Cir. 1997) (Rule 412

precluded introduction of evidence that victim had intercourse with several other people prior to

crime); United States v. Torres, 937 F.2d 1469 (9th Cir. 1991) (evidence of incident that occurred

approximately six months after alleged aggravated sexual abuse of victim was not admissible

under Rule 412 and court rejected defendant's argument that this evidence was admissible because

it was relevant to victim's credibility).

   Notably, the Ninth Circuit has held that for purposes of Rule 412, the term "past sexual

behavior" includes all sexual behavior of the victim that precedes the date of trial, even if that

behavior occurred after the alleged crime.   Torres, 937 F.2d at 1469; see also United States v.

Papakee, 573 F.3d 569, 572-73 (8th Cir. 2009) (excluding under Rule 412 evidence that victim

made sexual proposition to sheriff who was taking complaint about crime).   Therefore, the

government's request to exclude all other sexual behavior of the victim other than that which

formed a basis for defendants' crime, including her pre-offense and post-offense sexual conduct, if any, falls within the ambit of this rule.

In <u>Torres</u>, the Ninth Circuit affirmed the applicability of Rule 412 in a sex abuse case to bar the defendant from cross-examining the witness regarding a sexual incident that took place approximately six months after the charged offense.   <u>Id.</u> at 1473.   The court noted that this evidence was irrelevant, did not fall within any of the exceptions of Rule 412, and that the trial court thus did not abuse its discretion in barring the defendant from cross-examination of the victim's sexual history.   <u>Id.</u>   In reaching this conclusion, the court emphasized the notion that the right to cross-examination is not unlimited, and that trial judges retain wide latitude under the Confrontation Clause to impose reasonable limits on cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant.   <u>Id.</u> (<u>quoting</u> <u>United States v. VanArsdall</u>, 475 U.S. 673, 679 (1986)); <u>see</u> <u>also</u> <u>United States v. Culver</u>, 598 F.3d 740, 749-50 (11th Cir.), <u>cert.</u> <u>denied</u>, 131 S.Ct. 336 (2010) (affirming exclusion of evidence of victim's past sexual history, which would have "confused the jury and harassed" the victim, over defendant's argument that it fell within the narrow exception of Rule 412(b)(1)(C)); <u>United States v. Powell</u>, 226 F.3d 1181, 1196-99 (10th Cir. 2000) (affirming exclusion under Rule 412 of evidence that victim was sexually provocative proffered by defense to rebut suggestion that minor victim was sexually naive).

Even absent a government motion under Rule 412, numerous courts of appeals have upheld the trial court's discretion to limit or prohibit defense counsel's cross-examination of witnesses on their past sexual experiences under Rules 402 and 403, when such testimony lacks

relevance to the alleged sexual offense, or would be more prejudicial than probative.   See, e.g.,
United States v. Anderson, 139 F.3d 291, 302-03 (1st Cir. 1998), cert. denied, 119 S.Ct. 158
(1998); (excluding evidence of juvenile witness' commercial sexual activities before and after
relevant time period over defense argument that is was useful to impeach credibility); United
States v. Griffith, 284 F.3d 338 (2d Cir. 2002) (evidence of victim's sexual history, drug use, and
relationship with her father inadmissible in transportation of minors for purposes of prostitution
case); United States v. Bittner, 728 F.2d 1038, 1042 (8th Cir. 1984) (no abuse of discretion in
preventing cross-examination of witness regarding prior sexual incident with boyfriend for
relevance and prejudice reasons); United States v. Ramone, 218 F.3d 1229, 1234 (10th Cir. 2000)
(affirming trial court's refusal to allow defendant to cross-examine minor victim as to unrelated
encounter with another man and prior unusual sexual practices as irrelevant and more prejudicial
than probative).   In Anderson and Griffith, the defendants were convicted of transporting
individuals in interstate commerce with the intent that these persons engage in prostitution.   The
First and Second Circuits upheld the district courts' decision to limit the questioning of the minor
victims concerning their relationships with men, sexual history, and even prior drug use.
Anderson, 139 F.3d at 303; Griffith, 284 F.3d at 351-52.   The courts reasoned that the limitations
were not a violation of the defendants' Sixth and Fourteenth Amendment fair trial rights since the
cross-examination would be irrelevant in proving the alleged offenses.   See also Bittner, 728 F.2d
1042 (prohibiting cross-examination on past sexual conduct of witness as more prejudicial than
probative, and irrelevant).

    In the present case, defense counsels' cross-examination of the victims regarding any
sexual experiences pre-dating the trial should be prohibited as barred by Rule 412, irrelevant, and

5

more prejudicial than probative.   Not only are such experiences completely unrelated to the current charges, but questioning the victims on their sexual behavior certainly raises all of the concerns expressed by Congress when it enacted Rule 412.   Since the disclosure of any past sexual experiences holds no probative value, it can only be used to cast aspersions on the character of the victims.   In essence, such cross-examination is designed to imply to the jury that the victims were promiscuous, prostitutes, "asked for it," or consented to the sexual misconduct, and are not worthy of belief.   This argument, based on nothing other than stereotyping a victim based on her sexual behavior, is the exact argument Rule 412 seeks to avoid.   Cross-examination on prior sexual encounters should therefore be precluded.

## III.        <u>CONCLUSION</u>

For the reasons set forth above, the government respectfully requests that its motion to preclude reference to victims' sexual behavior be granted.

Respectfully submitted,

ZANE DAVID MEMEGER
United States Attorney

_____/s/ Michelle L. Morgan_____
MICHELLE MORGAN
Assistant United States Attorney

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing motion to preclude reference to

victim's other sexual behavior has been sent, by electronic filing or electronic mail, to

Thomas F. Burke, Esq.
Borum Burke & Didonato LLC
Two Penn Center Plaza
1500 JFK Boulevard, Suite 900
Philadelphia, PA   19102


   /s/ Michelle L. Morgan     
MICHELLE MORGAN
Assistant United States Attorney


Date: February 4, 2015