# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | | |
|---|---|---|---|
| **United States of America** | : | CR: | 13-622 |
| | : | | |
| v. | : | | |
| | : | | |
| **Jerel Jackson** | : | | |
| **Defendant** | : | | |

## ORDER

**AND NOW**, this _____ day of _____, 2015, upon consideration of the attached Motion to Suppress Statement, and after a hearing and argument on the motion, said motion is HEREBY GRANTED.

BY THE COURT:

_____

J.

Create PDF files without this message by purchasing novaPDF printer (http://www.novapdf.com)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **United States of America** | : | **CR:   13-622** |
| | : | |
| **v.** | : | |
| | : | |
| **Jerel Jackson** | : | |
| **Defendant** | : | |

### MOTION TO SUPPRESS STATEMENT/CONFESSION

TO THE HONORABLE C. DARNELL JONES, JUDGE OF THE FEDERAL DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA:

**AND NOW COMES THE DEFENDANT, JEREL JACKSON**, by and through his attorney Thomas F. Burke, Esquire, who hereby avers the following facts and requests the following relief:

I.   **FACTS OF THE CASE**

1. On October 24, 2013, the defendant Jerel Jackson was arrested by members of the FBI on a warrant charging him with several counts of sex trafficking.

2. Upon his arrest, he was taken to 600 Arch Street, where, according to the agents, the defendant voluntarily waived his right to remain silent and confessed to agents.

3. The defendant Jerel Jackson was high on marijuana and other intoxicants at the time of his arrest and interrogation. As such, any confession made by Jackson was not a product of his free will and should be suppressed.

4. Under these circumstances, any statement given by the defendant was not the product of free will, and must be suppressed as it was a violation of the defendant's rights under the Fifth Amendment.

Create PDF files without this message by purchasing novaPDF printer (http://www.novapdf.com)

**WHEREFORE,** the defendant Jerel Jackson respectfully requests this Court GRANT his Motion to Suppress as the confession was in violation of the defendant's rights under the Fifth Amendment.

Respectfully submitted,

   /s/*Thomas F. Burke*
Thomas F. Burke, Esquire
Borum, Burke, DiDonato & Voci, LLC
Two Penn Center – Suite 900
1500 JFK Blvd.
Philadelphia, PA 19102
(215) 567-1248
tburke@borumburke.com

Create PDF files without this message by purchasing novaPDF printer (http://www.novapdf.com)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | | |
|---|---|---|---|
| **United States of America** | : | CR: 13-622 | |
| | : | | |
| **v.** | : | | |
| | : | | |
| **Jerel Jackson** | : | | |
| **Defendant** | : | | |

### BRIEF IN SUPPORT OF DEFENDANT
### JEREL JACKSON'S MOTION TO SUPPRESS STATEMENT

"In criminal trials, in the Courts of the United States, wherever a question arises whether a confession is incompetent because not voluntary, the issue is controlled by that portion of the Fifth Amendment . . . commanding that no person 'shall be compelled in any criminal case to be a witness against himself." Missouri v. Seibert, 542 U.S. 600 (2004). "In *Miranda*, we explained that the 'voluntariness doctrine in all state cases encompasses all interrogation practices which are likely to exert such pressure upon an individual as to disable from making a free and rational choice'. Miranda at 464-465. We appreciate the difficulty of judicial enquiry *post hoc* into the circumstances of a police interrogation, Dickerson v. United States, 530 U.S. 428 (2000), and recognize that 'the coercion inherent in custodial interrogation blurs the line between voluntary and involuntary statements, and thus heightens the risk' that the privilege against self-incrimination will not be observed." Id. at 435, 444.

The voluntariness of a confession is determined by the trial court under a "totality of the circumstances" test. Here, Jackson was intoxicated on marijuana and other substances at the time of his arrest and subsequent questioning by the police. As such, the confession was procured in violation of the defendant Fifth Amendment rights. (*See:* U.S. v. Guaydacan, 470 F.2d 1173 (9th Cir. 1972))

Create PDF files without this message by purchasing novaPDF printer (http://www.novapdf.com)

                Respectfully submitted,

               ___/s/**_Thomas F. Burke_**_____
               Thomas F. Burke, Esquire
               Borum, Burke, DiDonato & Voci, LLC
               Two Penn Center – Suite 900
               1500 JFK Blvd.
               Philadelphia, PA 19102
               (215) 567-1248
               tburke@borumburke.com

Create PDF files without this message by purchasing novaPDF printer (http://www.novapdf.com)