## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| **v.** | **:** | **CRIMINAL NO. 13-622** |
| **JEREL JACKSON** | **:** | |

## O R D E R

AND NOW, this _____ day of March, 2015, having considered the government's motion to admit evidence of defendant's acts of witness tampering and the defendant's response thereto, it is hereby ORDERED that the government's motion is GRANTED.

BY THE COURT:

_____

**HONORABLE C. DARNELL JONES II**
*Judge, United States District Court*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA        :

         v.                  :        CRIMINAL NO. 13-622

JEREL JACKSON             :

## GOVERNMENT'S MOTION TO ADMIT
## DEFENDANT'S ACTS OF WITNESS TAMPERING

The United States of America, by its attorneys, Zane David Memeger, United States Attorney for the Eastern District of Pennsylvania, and Michelle L. Morgan, Assistant United States Attorney, hereby moves for the admission of defendant's acts of witness tampering.   For the reasons set forth below, the government's motion should be granted.

On March 5, 2015, the government was advised by Person 5 and Person 4, two material witnesses in this case, that the defendant contacted them by telephone in an attempt to corruptly influence their testimony. In addition, Person 5 reported that the defendant attempted to contact her by electronic mail.   As a result, the government issued subpoenas to the Federal Detention Center – Philadelphia for defendant's phone and email activities during the preceding week. Using another inmate's phone privileges,[1] the defendant contacted Person 5 by telephone on March 3, 2015; he spoke to her as well as to Person 4, who was with Person 5 at the time. The following day, March 4, 2015, the defendant again called Person 5. During these calls, the defendant repeatedly made statements claiming that he did not force anyone to do anything and asking the witnesses to agree with his statements.[2]   The government also obtained the

---

1 Despite the defendant's surreptitious use of another inmate's phone privileges, the case agent, who is familiar with the defendant's voice, has confirmed that the defendant was speaking on these two calls. The witnesses also can identify the defendant's voice, and the content of his statements makes clear that it is him.

2 Due to the recent timing of the calls, the government is in the process of having them transcribed

defendant's electronic mail records, reflecting his attempt to email Person 5 on March 4, 2015. Corroborating this information, Person 5 received an automated email from CorrLinks, the FDC email system, indicating that a federal prisoner was trying to contact her and inviting her to accept the request.

"Evidence of a defendant's attempt to tamper with or impede a witness is admissible as an act of admission." See Segal v. United States, 246 F.2d 814 (8th Cir. 1957) (citations omitted) (defendant's statement to a witness that he persuaded another witness to perjure herself was "clearly admissible").    Further, it is intrinsic to the witnesses' story of their involvement with the defendant and his continuing attempts to coerce and intimidate them.

Moreover, under a Rule 404(b) analysis, evidence of defendant's attempt to tamper with

---

and can provide full transcripts to the Court at a later time. (The audio recordings have been produced to the defense.) By way of example, on March 3, 2015, Jackson calls Person 5 and tells her that he tried to email her.   He says he has court on March 18, that there are allegations in his indictment and discovery about her, and says, "They [sic] trying to say that you was [sic] working for me, or whatever the situation was, and of course that's not true, and I already told them that's not true." The defendant then mentions Person 5 and Person 4 says she is with Person 5. Defendant says, "Let me speak to her." Person 5 gets on the phone and the defendant tells Person 5 that she is in his indictment and discovery, and that he will be receiving her statements in Jencks Act material, and adds, "They're trying to give me life behind this shit…this ain't no game…I ain't made nobody do shit." The witness responds that she was questioned one time and said she had nothing to do with it. The defendant references a specific date in discovery and says "I didn't even know you then." He states that he is charged with using force against her and says, "What?" He responds, "This ain't no game, you know what I'm saying? I didn't ever force you to do shit." She responds that she was contacted by law enforcement and wanted nothing to do with it. Defendant later says, "My guess is that they're gonna subpoena ya'll…The prosecutor. . .says she has five witnesses…who will say I forced them…I got superseded…I already had my case beat 'til they added ya'll on…"   He then says, "You ain't never worked for me, period," which he repeats two more times. On March 4, 2015, he again calls Person 4 and asks if she received his email and tells her to accept his email request. He also tells her to visit him in prison, and asks where Person 5 is. The defendant says the government is "trying to coerce people to say what they want them to say." He reiterates that he goes to court on the 18th, and that he is thinking of representing himself so he can ask the questions. He then suggests that Person 4 should provide a statement on his behalf because "it'd be cool to have it on record before court, you feel what I'm sayin'?" He then lists the five victims in the indictment, despite not having the Jencks Act material. He adds that he could provide more detail about his defense, and, "If you want to know more, just call my mom and ask her," or to come see him in prison.

witnesses is admissible because it is highly probative of his criminal intent and state of mind. <u>See</u> <u>United States v. Little Dog</u>, 398 F.3d 1032, 1037 (8th Cir. 2005) (affirming joinder of sexual abuse charge and charge for tampering with same witnesses, court reasoned that two were interrelated and there was no prejudice; if cases had been severed, evidence of witness tampering would have been admissible in sexual abuse trial "to show criminal intent and state of mind"). "'[E]vidence of a defendant's attempt to influence a witness to testify regardless of the truth is admissible against him on the issue of criminal intent.'" <u>United States v. Billups</u>, 692 F.2d 320 (4th Cir. 1982) (citation omitted).

Here, the evidence reflects the defendant's criminal intent to psychologically coerce and intimidate the victims, much as he did during the crime charged.   In addition, it reflects his own state of mind and specifically his guilt; if he expected the victims to truthfully testify that he did <u>not</u> engage in sex trafficking, he would have no need to contact them to "confirm" the facts. His doing so was a clear attempt to dissuade them from testifying in a truthful manner, to make his expectations of them clear, and to "feed" them lines to say on the witness stand.

There is an additional ground for admitting the evidence if the defendant testifies. "'[A] defendant who voluntarily offers himself as a witness and testifies in his own behalf subjects himself to legitimate and pertinent cross-examination to test his veracity and credibility.'" <u>United States v. Phillips</u>, 48 F.3d 1218, *3 (4th Cir. 1995).   Thus, in <u>Phillips</u>, the court concluded that "[t]he alleged incidents of witness intimidation were certainly probative of truthfulness and pertinent under Rule 608(b) since the threats . . . involved efforts by [the defendant] to forcibly silence witnesses assisting the government's case against him." <u>Id.</u>; <u>see</u> <u>also</u> <u>Catipovic v. Turley</u>, No. C 11-3074-MWB, 2014 WL 6968413, *21-22 (N.D. Iowa April 18, 2014) (defendant's threatening letter to witness was admissible under Rule 404(b) to show his consciousness that his

case was weak, and under Rule 608 as specific instance of conduct to attack his credibility).

WHEREFORE, the Government respectfully requests this Court to issue the order attached to this motion granting its motion to admit defendant's acts of witness tampering.

Respectfully submitted,

ZANE DAVID MEMEGER
United States Attorney


/s/ Michelle L. Morgan
MICHELLE L. MORGAN
Assistant United States Attorney

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date I caused a true and correct copy of the foregoing to be

served by electronic filing upon the following:

Thomas F. Burke, Esq.
Borum Burke & Didonato LLC
Two Penn Center Plaza
1500 JFK Boulevard, Suite 900
Philadelphia, PA   19102


/s/ Michelle L. Morgan
MICHELLE L. MORGAN
Assistant United States Attorney


Dated: March 12, 2015