IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | | CRIMINAL ACTION |
| v. | : | NO.  13-622 |
| | | |
| JEREL JACKSON | : | |

**ORDER**

AND NOW, this 17th day of March, 2015, it is ORDERED that this Court's bench ruling on March 16th, 2015 regarding the government's Motion in Limine to Exclude Juvenile Adjudications of Person #5 (Doc. No. 39) is hereby VACATED.

It is further ORDERED that upon this Court's *sua sponte* review[1] of said matter subsequent to a hearing on same just hours prior, this Court determined that its ruling constituted

---

[1] *See Marsden v. Select Med. Corp.,* Civ. No. 04-4020, 2007 U.S. Dist. LEXIS 9893, at *3-4 (E.D. Pa. Feb. 6, 2007) ("[S]o long as [this Court] has jurisdiction over [a] case, it possesses inherent power over interlocutory orders, and can reconsider them when it is consonant with justice to do so.") (internal quotation marks and citation omitted).  A ruling on a Motion in Limine is deemed interlocutory. *See United States v. Fleet Mgmt.,* 332 F. App'x 753, 754 (3d Cir. 2009) (motion in limine to exclude expert report and testimony deemed interlocutory for purposes of appeal); *Simon v. Weissmann*, 301 F. App'x 107, 109 (3d Cir. 2008) (assessing district court's ruling regarding motion in limine on interlocutory basis); *United States v. Bowley*, 435 F.3d 426, 427 (3d Cir. 2006) (Order by district court to exclude evidence in a criminal matter deemed interlocutory).

a clear error of law.[2] Accordingly, the government's Motion in Limine to Exclude Juvenile Adjudications of Person #5 (Doc. No. 39) is hereby GRANTED.[3]

BY THE COURT:

/s/ C. Darnell Jones, II

C. Darnell Jones, II    J.

---

[2] This Court notes that subsequent to its determination that it had made an erroneous ruling but prior to entry of the instant Order, the government faxed a written submission to Chambers in an effort to bring the error to the court's attention. Counsel for Defendant was copied on the correspondence.

[3] The prior adjudications for which the government sought exclusion involved conspiracies to commit robberies. Because these offenses do not constitute crimes involving a dishonest act or false statement, the juvenile's adjudications are not admissible under Fed.R.Evid. 609 to attack her character for truthfulness. *See Walker v. Horn*, 385 F.3d 321, 334 (3d Cir. 2004) ("[W]e readily conclude that, although robbery is certainly a very serious crime, it does not involve communicative or expressive dishonesty. Therefore, the district court erred by holding that robbery is a crime involving dishonesty that is automatically admissible under Rule 609(a)(2).").