IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 13-622 |
| JEREL JACKSON<br>a/k/a "JINX" | : | |

### GOVERNMENT'S SUPPLEMENTAL SENTENCING MEMORANDUM

The United States of America, by and through Zane David Memeger, United States Attorney for the Eastern District of Pennsylvania, and Michelle L. Morgan, Assistant United States Attorney for the District, hereby provides this supplemental sentencing memorandum on the issue of restitution.

As indicated in the government's initial sentencing memorandum, Title 18, United States Code, Section 1593 requires mandatory restitution to victims of sex trafficking for "the full amount of the victim's losses." Section 1593(b)(3) states that "the victim's losses" are defined by Section 2259(b)(3), and shall additionally include the value of the victim's services to the defendant or the value of the victim's labor under the Fair Labor Standard Act, whichever is greater. 18 U.S.C. § 1593(b)(3). Section 2259(b)(3) delineates that the victim's losses include costs incurred for medical, psychiatric, or psychological care, physical therapy or rehabilitation, transportation, housing, and/or childcare expenses, lost income, attorneys' fees, and any other losses. 18 U.S.C. § 2259(b)(3). A court may include in this amount the estimated costs of future treatment. United States v. Pearson, 570 F.3d 480, 486 (2d Cir. 2009); United States v. Danser, 270 F.3d 451, 455 (7th Cir. 2001); United States v. Julian, 242 F.2d 1245, 1247 (10th Cir. 2001). Section 1593 is to be applied in accordance with Section 3664, in the same manner as an order

under Section 3663A. 18 U.S.C. § 1591(b)(2).

In view of the undoubted severe psychological impact of this crime on the fragile psyches of the victims involved, the government already has requested payment to those victims who have received or wish to receive counseling. Given the average estimated current cost of psychotherapy in the Philadelphia area of $100 per hour,[1] and contemplating weekly psychotherapy for two years for each victim, **this would result in an award of $10,400 each of Persons 1-5 who wish to receive therapy, for a total of $52,000 for psychotherapy.**

In addition, Section 1593 requires the restitution award to account for the value of the victims' services to the defendant. As set forth below, the government has reviewed the statements of the victims to determine the estimated number of "dates" engaged in by each victim daily, multiplied by the most conservative dollar amount charged per date (a dollar value set by the defendant), multiplied by 30 days in a month, multiplied by the number of months for which the victim worked for the defendant, leading to the total estimated value of victims' services that the defendant secured. As a general matter, the victims indicated that they worked 7 days per week and were not given days off. All "date" prices were set by the defendant.

Person 2

Person 2 stated under oath that she was told to charge $50 for 15 minutes, $120 per half hour, and $150 per hour, engaged in 5-10 dates per day, and gave all of her earnings to the defendant. Taking the most conservative charge of $50 and assuming conservatively an average of 7 dates per day, this totals approximately $350 per day. Person 2 worked for the defendant for 13 months. $840 x 30 days x 13 months = **$136,500**.

---

[1] This figure is based on an informal survey of local psychological providers and on anecdotal experience in seeking counseling for various victims in sex crimes cases in this District.

Person 3

Person 3 stated under oath that she worked for the defendant for two days, was told to charge $180 per half hour and $200 per hour, and had 8-10 dates. She specifically recalled that she earned $400 in one day. Using the conservative figure of $180 x 8 dates, this comes to a total of **$1440**.

Person 4

Person 4 stated under oath that she was told to charge $60 per half hour and $120 per hour, had approximately 20 or more dates per day, and worked for the defendant for 5 months. She gave 100% of her earnings to the defendant. Using the more conservative figure of $60, the calculation is $60 x 20 = $1200 per day. Multiplying this x 30 days per month x 5 months = **$180,000**.

Person 5

Person 5 stated under oath that she was told to charge $80 for 15 minutes, $120 for half an hour, and $180 per hour, and engaged in 20 or more dates per day. She gave 100% of her earnings to the defendant. Assuming the most conservative charge of $80 x 20 dates per day = $1600 daily. She also stated that on average she earned $700 on weekdays and $1000 on weekends. She said she had no days off. Opting for Person 5's more conservative daily estimate, this means ($700 x 5 days) + ($1000 x 2 days) = a total of $5500 per week. Person 5 worked for the defendant for 8 months. $5500 x 4 weeks in a month x 8 months = **$176,000**.

Person 1

All of the other witnesses agreed that Person 1 earned the most money for the defendant and worked the most frequently, with the most number of dates per day. Even assuming the same conservative figure provided by Person 4 of a $60 charge times 20 dates per day, this

equals daily earnings of $1200.  Person 1 worked for the defendant for 11 months, conservatively.  $1200 x 30 days in a month x 11 months = **$396,000**.

Adding the conservative estimates of earnings of the five victims together results in the following value of victim services to the defendant:

| | |
|---|---|
| Person 1 | $396,000 |
| Person 2 | $136,500 |
| Person 3 | $1440 |
| Person 4 | $180,000 |
| Person 5 | <u>$176,000</u> |
| TOTAL | $889,940 |

The government respectfully requests restitution to the victims for the value of their services, as required by statute.

Respectfully submitted,

ZANE DAVID MEMEGER
United States Attorney


   /s/Michelle L. Morgan
MICHELLE L. MORGAN
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on this date I caused a true and correct copy of the foregoing government's sentencing memorandum to be served by electronic filing and electronic mail upon the following:

Thomas F. Burke, Esq.
Borum Burke & Didonato LLC
Two Penn Center Plaza
1500 JFK Boulevard, Suite 900
Philadelphia, PA  19102

                                              /s/ Michelle L. Morgan
                                              MICHELLE L. MORGAN
                                              Assistant United States Attorney

Dated: October 6, 2015