

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | **FILED** | CRIMINAL ACTION |
| v. | MAY 2 4 2016 | NO. 13-622 |
| JEREL JACKSON | MICHAEL E. KUNZ, Clerk<br>By_____Dep. Clerk | SEALED ORDER |

## ORDER

AND NOW, this 24th day of May, 2016, upon consideration of: Defendant's Motion to Withdraw Guilty Plea (Doc. No. 122); the government's Response in Opposition thereto (Doc. No. 126); Defendant's Third Motion for Continuance of Sentencing (Doc. No. 124); and, the Government's Response in Opposition thereto (Doc. No. 125), it is hereby ORDERED as follows:

(1) Defendant's Motion to Withdraw Guilty Plea (Doc. No. 122) is DENIED;[1] and,

---

[1] "Federal Rule of Criminal Procedure 11(d) provides, in pertinent part: 'A defendant may withdraw a plea of guilty . . . after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal.'" *United States v. Schmutzler*, 602 F. App'x 871, 873 (3d Cir. 2015). "Once a court accepts a defendant's guilty plea, the defendant is not entitled to withdraw that plea simply at his whim." *United States v. Jones*, 336 F.3d 245, 252 (3d Cir. 2003) (citing *United States v. Brown*, 250 F.3d 811, 815 (3d Cir. 2001)). Instead, this Court must weigh: "(1) whether the defendant asserts his innocence; (2) the strength of the defendant's reasons for withdrawing the plea; and (3) whether the government would be prejudiced by the withdrawal." *Jones*, 336 F.3d at 252. "A shift in defense tactics, a change of mind, or the fear of punishment are not adequate reasons to impose on the government the expense, difficulty, and risk of trying a defendant who has already acknowledged his guilt by pleading guilty." *Id.* (internal quotation marks and citations omitted).

This particular case was commenced via Criminal Complaint on October 11, 2013. On October 25, 2013, Attorney Gavin P. Holihan was appointed by the court to represent Defendant. A trial date was set for January 24, 2014 and Defendant requested a continuance of same. The matter was re-listed for July 28, 2014, prompting another continuance request by the defense. During a hearing held on September 12, 2014, Defendant asked this Court to appoint new counsel. Based upon Defendant's representations, this Court granted the request and appointed Attorney Thomas F. Burke. On October 6, 2014, another continuance request was made so that Mr. Burke could have time to familiarize himself with the case. Defendant waived his right to a speedy trial and the matter was rescheduled for trial on March 18, 2015. On January 22, 2015, a Superseding Indictment was filed against Defendant. In accordance with the Case Management Order issued by this Court, counsel for Defendant filed a pretrial motion on behalf of Defendant, seeking early production of *Jencks* materials. Defendant was superseded again on February 5,

2015 and defense counsel thereafter filed a Motion to Suppress. A hearing was held—at which time counsel for Defendant also argued a Speedy Trial motion on behalf of Mr. Jackson— and on March 17, 2015, both motions were denied. As jury selection was set to commence the following day, Defendant elected to plead guilty to the Second Superseding Indictment. A Change of Plea hearing was held that day, at which time this Court conducted an extensive colloquy to be absolutely certain Defendant was knowingly, intelligently, and voluntarily waiving his rights by pleading guilty. During the colloquy, the following was established:

- Defendant understood everything that was being said to him (Plea Tr. 10, March 18, 2015);
- Defendant was satisfied with Mr. Burke's representation (Plea Tr. 11);
- Mr. Burke had fully explained the consequences of entering an open plea to the charges (Plea Tr. 12);
- Defendant did not need more time to make this decision (Plea Tr. 13);
- No one promised Defendant anything in exchange for pleading guilty (Plea Tr. 13);
- No one threatened Defendant, forced him to plead guilty, or put words in his mouth (Plea Tr. 13);
- Defendant specifically informed the court "I'm pleading guilty because I am guilty" (Plea Tr. 13);
- Defendant had no questions regarding the elements of the crimes charged (Plea Tr. 17);
- Defendant understood the potential sentences he could face, including a mandatory minimum 15-year term, up to life (Plea Tr. 19);
- Mr. Burke discussed the potential sentences that could be imposed with Defendant (Plea Tr. 21);
- Defendant understood that by pleading guilty, he was forever giving up his right to challenge the manner in which the government obtained evidence (Plea Tr. 26);
- Defendant had no issues with the facts as presented by the government and after hearing same, still wished to plead guilty (Plea Tr. 34); and,
- Defendant confirmed he was pleading guilty of his own free will because he was in fact guilty (Plea Tr. 35).

Sentencing was set for June 10, 2015 but was continued twice by request of the defense. On July 8, 2015, this Court received written correspondence dated June 30, 2015 from Defendant, in which he asked that new counsel be appointed because: (1) he and Mr. Burke did "not agree on very important matters" concerning Defendant's case; (2) Mr. Burke never argued "numerous" pretrial motions Defendant asked him to argue; and, (3) Mr. Burke made promises to Defendant to get him to plead guilty. (Doc. No. 89.) In said correspondence, Defendant never proclaimed his innocence and never referenced his responses to the court during the Change of Plea hearing that occurred subsequent to the acts allegedly committed by Mr. Burke. Nevertheless, this Court scheduled a hearing, during which time Defendant informed the court that he felt three weeks was not enough time to prepare to address the new information contained within the Second Superseding Indictment and that although he was not asking to withdraw his guilty plea, he wanted a new attorney to see what his "best option" was. (Sealed Hrg. Tr. Vol II 6, November 9, 2015.) In response, Mr. Burke informed the court that he spent months preparing

 (2) Defendant's Third Motion for Continuance of Sentencing (Doc. No. 124) is DENIED.

BY THE COURT:

_____
C. Darnell Jones, II   J.

---

for trial and that he and Mr. Jackson "spoke at length over the strengths and weaknesses of the government's case, any possible defenses . . . [and] . . . litigated pretrial motions to suppress." (Sealed Hrg. Tr. Vol II 7, November 9, 2015.) Mr. Burke further stated that after Defendant was superseded a second time, he again explained the options to Defendant. (*Id.*) Based upon this Court's belief that there was an irreconcilable breakdown in the attorney/client relationship, this Court granted Defendant's motion and appointed new counsel.

 After having had the opportunity to review the entire file in this matter, newly-appointed counsel advised Defendant of his opinion that based upon his assessment of all of the information pertaining to this case, he did not believe there were any issues of merit to pursue and that it would be very difficult for Defendant to "meet the legal standards required to withdraw his pleas of guilty." (Doc. No. 122, ¶¶ 18, 20.) New counsel for Defendant also advised Defendant "regarding his Fifth Amendment right not to incriminate himself regarding the crime of perjury." (Doc. No. 122, ¶ 20.) Despite counsel's determinations, Defendant "advised that he still wished to withdraw his guilty pleas to all counts of the Second Superseding Indictment entered on March 18, 2015." (Doc. No. 122, ¶ 19.) Accordingly, counsel filed the instant motion on Defendant's behalf, in which Defendant now contends: (1) he is innocent; (2) he has always wanted to proceed to trial; and, (3) he felt coerced into pleading guilty. (Doc. No. 122, ¶ 22(a)-(c).) Defendant further contends that allowing him to withdraw his guilty plea would result in no prejudice to the government. (Doc. No. 122, ¶ 22(e).)

 This Court has considered the appropriate factors as it must, and has determined that for the reasons set forth herein and clearly appearing of record, Defendant shall not be permitted to withdraw his plea of guilty. Specifically, this Court finds: Defendant's subsequent proclamations of innocence are not credible; his bases for the withdrawal request are lacking in factual and legal merit; and, a tremendous potential for prejudice will likely result if the government is required to litigate this case at this time. Accordingly, Defendant's Motion shall be denied.